IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

IDA PATRICIA PATTERSON                                                                PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:22-CV-196-SA-DAS

MISSISSIPPI DEPARTMENT
OF MENTAL HEALTH, REGION IV
MENTAL HEALTH SERVICES,
OTHER UNKNOWN DEFENDANTS 1-10
all whose names are presently unknown                                                 DEFENDANTS

ORDER AND MEMORANDUM OPINION

On December 16, 2022, Ida Patricia Patterson initiated this civil action by filing her Complaint [1] wherein she named the following defendants: Mississippi Department of Mental Health; Region IV Mental Health Services; and Other Unknown Defendants 1-10.[1] Now before the Court are Mississippi Department of Mental Health's ("MDMH") Motion to Dismiss under Rule 12(b)(1) [20] and Motion for Judgment on the Pleadings [22]. Having reviewed the filings and applicable authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

According to her Complaint [1], Patterson worked at Region IV as a Case Manager and Assistant Psychosocial Rehabilitation Supervisor from June 15, 1998 to March 2008. She returned to Region IV as a Psychosocial Rehabilitation Supervisor on July 8, 2013 and remained employed until her termination on or about June 17, 2022.

In her Complaint [1], Patterson alleges that on or about June 16, 2022, while interacting with a group of clients at Region IV, "she made an indirect comment off-the-cuff and used colorful

---

[1] The Complaint [1] originally named Mississippi State Department of Mental Health as a defendant. On April 24, 2023, the Magistrate Judge entered an Order for Correction of Clerical Error [32], correcting the party's name to Mississippi Department of Mental Health.

language." [1] at p. 3. The following day her Executive Director, Jason Ramey, and Clinical Director, Nikki Tapp, described to Patterson their knowledge of the incident and "informally terminated" her. *Id*.

With respect to her personnel history, Patterson alleges that she has been reprimanded three times during the course of her employment at Region IV. She contends that two of those reprimands were for "alleged 'inappropriate conduct'" in May 2006 and February 2017, and they were warnings that did not result in termination. *Id*. Patterson further asserts that those two reprimands were issued under former Executive Director Charlie Spearman. The Complaint [1] alleges that "[s]ince that time, a new Executive Director, Jason Ramey, has been installed and under his direction, Plaintiff was not issued any warning." *Id*. at p. 4. Based on this statement, the Court assumes that the third referenced reprimand was the reprimand that resulted in Patterson's termination by Executive Director Ramey.

Patterson alleges that her termination was based upon her age and race. According to her Complaint [1], Patterson, who was 63, was the eldest employee at the facility at the time of her termination. Patterson also emphasizes that "there are very few black employees at the Region IV facility where she was employed" and "[her] position was, shortly after her termination, filled by a young white female." *Id*.

In support of her allegations, Patterson highlights that "[i]n an Employer Notice Response issued by Region IV, the reason for termination was stated to be 'known only by Executive Director and the Clinical Director' and was very vague in explanation." *Id*. Patterson further asserts that "[she] was evaluated numerous times by Region IV and her Performance Standards in all categories ranged from satisfactory to very good." *Id*. Lastly, Patterson takes issue with the fact

2

that she was, according to her Complaint [1], terminated without warning or a formal review before the Board of Directors of the State Department of Mental Health. *Id.*

Patterson's Complaint [1] sets forth the following causes of action: (1) violations of the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) violations of the Equal Employment Opportunity Act; (3) violations of Title VII of the Civil Rights Act of 1964; (4) failure to supervise and train; (5) violations of the Mississippi Tort Claims Act ("MTCA"); (6) conspiracy; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) general negligence; and (10) violations of state constitutional rights. The Complaint [1] additionally asserts that MDMH is vicariously liable for the acts of its employees, agents, and public officers.

In its Motions [20], [22], MDMH raises multiple grounds for dismissal. The Court will address them in turn.[2]

*Analysis and Discussion*

As to Patterson's claims under Title VII and the ADEA, MDMH asserts that "[it] was not Plaintiff's employer and played no role in her termination, thus precluding liability under Title VII and/or the ADEA." [21] at p. 1. In her Response [25], Patterson concedes that MDMH was not her employer. *See* [25] at p. 1. "Both Title VII and the ADEA permit suits only against 'employers,' 'employment agencies,' and 'labor organizations.'" *Gobert v. Saitech, Inc.*, 2010 WL 4791725, at

---

[2] MDMH asserts that all of Patterson's claims may be dismissed under Rule 12(c) for failure to state a claim. Alternatively, MDMH asserts that Patterson's ADEA claim and state-law claims subject to the Mississippi Tort Claims Act ("MTCA") should be dismissed for lack of jurisdiction under Rule 12(b)(1). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Patterson concedes that her ADEA claim fails on the merits. However, as to Patterson's state-law claims subject to the MTCA, the Court will address the jurisdictional challenge under Rule 12(b)(1) before addressing the Rule 12(c) challenge.

*2 (S.D. Miss. Nov. 18, 2010) (citing 42 U.S.C. §§ 2000e-2; 29 U.S.C. 623). Therefore, Patterson's Title VII and ADEA claims against MDMH must be DISMISSED.[3]

Next, as to her claims brought under state law, MDMH asserts that Patterson's negligence, negligent infliction of emotional distress, failure to train and supervise, and conspiracy claims are subject to the MTCA and must be dismissed for failure to file a Notice of Claim as required by the MTCA.[4]

The State of Mississippi and its political subdivisions are generally immune from suit. *See* MISS. CODE ANN. § 11-46-3. However, the MTCA waives sovereign immunity for torts committed by governmental entities or their employees acting within the course and scope of their employment. MISS. CODE ANN. § 11-46-5(1). This waiver is subject to certain conditions, including that a claimant must file a notice of claim with the governmental entity at least 90 days before instituting suit. MISS. CODE ANN. § 11-46-11(1).

Importantly, "[c]ertain intentional torts are excluded from the MTCA's waiver of immunity." *Zumwalt v. Jones Cnty. Bd. of Supervisors*, 19 So.3d 672, 688 (Miss. 2009). The MTCA provides that an "employee shall not be considered as acting within the course and scope of his employment" where he engages in conduct constituting "fraud, malice, libel, slander, defamation, or any [non-traffic] criminal offense." MISS. CODE ANN. § 11-46-5(2); *see also Uni.*

---

[3] Patterson also brings a claim for "violations of §§ 42 U.S.C. 2000e-4 the Equal Employment Opportunity Act." [1] at p. 5. Under that cause of action, the Complaint [1] only states that "[a]s a result of the wrongful termination of Plaintiff, Defendants deprived her of her right to equal employment opportunity." [1] at p. 5. Neither party references this cause of action in their briefs. In any event, § 42 U.S.C. 2000e-4 is the statute by which Congress created the Equal Employment Opportunity Commission. The statute is part of Title VII, and actions brought under Title VII require an employer-employee relationship. *Gobert*, 2010 WL 4791725 at *2. Therefore, to the extent that Patterson attempts to assert a separate cause of action under this statute, it must be dismissed due to her concession that MDMH was not her employer.

[4] Despite an assertion that all of Patterson's remaining claims are subject to the MTCA, MDMH makes separate arguments under Rule 12(c) (unrelated to the MTCA) in favor of dismissal of Patterson's claims for intentional infliction of emotional distress and violations of state constitutional rights. The Court will therefore address those claims separately.

*of Miss. Med. Ctr. v. Oliver*, 235 So.3d 75, 82 (Miss. 2017) (the MTCA does not apply to torts in which malice is an essential element). Where a tort falls into one of these categories, it is beyond the scope of the MTCA, and the notice requirement does not apply. *Zumwalt*, 19 So.3d at 688.

Patterson's claims for failure to train and supervise,[5] general negligence, and negligent infliction of emotional distress are undoubtedly torts subject to the MTCA and its notice requirements. *See Johnson v. City of Indianola, Miss.*, 2019 WL 3769625, at *3 (N.D. Miss. Aug. 9, 2019) (claim of negligence is subject to the MTCA); *Cooley v. Forrest Cnty. Sheriff's Dept.*, 2020 WL 5118054, at *3 (S.D. Miss. Aug.31, 2020) (claims of failure to train and negligent infliction of emotional distress are subject to the MTCA).[6]

Whether Patterson's conspiracy claim is subject to the MTCA is a closer call. The parties cite no Mississippi Supreme Court cases specifically holding that civil conspiracy claims are subject to the MTCA (and the Court has likewise not located any such authority). But, as MDMH points out, the District Court for the Southern District of Mississippi has, on multiple prior occasions, held that conspiracy claims are subject to the MTCA. *See Aries Bldg. Sys., LLC v. Pike Cnty., Miss.*, 2017 WL 4678225, at *3-4 (S.D. Miss. Oct. 17, 2017); *Thomas v. City of Laurel*,

---

[5] The Court notes that in setting forth her failure to train claim, Patterson uses language that mirrors a failure to train claim brought under Section 1983. For example, the Complaint [1] alleges that MDMH failed to train, supervise, and adopt policies relating to the termination of employees and that failure constituted deliberate indifference. [1] at p. 6. However, in her Response [25], Patterson does not object to MDMH's characterization of her claim as a state law claim. And Patterson's negligence claim states that "Defendants . . . breached the standard of ordinary care required of them to supervise their subordinates." *Id*. at p. 9. Thus, it is unclear whether Patterson intended to bring her claim under federal or state law. To the extent Patterson does bring this claim under federal law, she fails to allege facts that raise her right to relief above a speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Her Complaint [1] alleges no acts of MDMH whatsoever. Her failure to train claim is a recitation of the elements of a claim, unsupported by factual allegations. *See id*. (a legally sufficient complaint need not allege detailed factual allegations but must contain more than labels, legal conclusions, or a formulaic recitations of the elements of a cause of action).

[6] Patterson also brings a claim for "violations of the Mississippi Tort Claims Act." [1] at p. 7. That section of the Complaint [1] does not set forth a specific tort claim. The Court construes this section as an assertion that the MTCA applies to the specific torts set forth in the remainder of the Complaint [1].

*Miss.*, 2021 WL 1148470, at *8 (S.D. Miss. Mar. 25, 2021). In *Aries*, the Southern District reasoned that because the Mississippi Supreme Court has found civil conspiracy to be a tort, and because the MTCA applies to "any wrongful or tortious acts," the Mississippi Supreme Court would likely find civil conspiracy to be covered by the MTCA. 2017 WL 4678225 at *4. This Court finds that reasoning persuasive and therefore agrees that the MTCA applies to general conspiracy claims.

Considering that Patterson's claims for general negligence, failure to train and supervise, negligent infliction of emotional distress, and conspiracy are subject to the MTCA, the Court must determine if Patterson satisfied the MTCA notice requirement. MDMH argues that Patterson "filed" no notice whatsoever. [21] at p. 9. In support of its argument, MDMH submitted an affidavit of Amanda Rayburn, the Tort Claims Manager for the Mississippi Tort Claims Board ("MTCB"). *See* [20], Ex. 2. The affidavit states the following:

> I have researched records of the MTCB and have found no record of a Notice of Claim filed by or on behalf of Ida Patricia Patterson against the Mississippi Department of Mental Health pursuant to Miss. Code. Ann. § 11-46-11 *et seq*. at any time between January 1, 2022 to the present date.

*Id*. at p. 1.

In her Response [25], Patterson asserts that she served the notice required by MISS. CODE ANN. § 11-46-11. In support of her position, Patterson attaches a letter dated August 26, 2022, addressed to Wendy Bailey, Executive Director of the Department of Mental Health. *See* [25], Ex. 1. The subject line of the letter reads "Notice of Intention to Commence Action on Behalf of Ida Patricia Patterson Pursuant to Mississippi Code Annotated, § 11-46-11[.]" *Id*. at p. 1. The letter includes six sections of information labeled: "1. Short and Plain Statement of the Facts Upon Which the Claim is Based/Circumstances Which Brought About the Injury[,]" "2. The Extent of

the Injury[,]" "3. The Time and Place of the Injury[,]" "4. The Names of All Persons Known to be Involved[,]" "5. The Amount of Money Damages Sought[,]" and "6. The Residence of the Person Making the Claim at the Time of the Injury and at the Time of Filing the Notice." *Id.* at p. 1-3. Lastly, the letter attaches an affidavit of a process server, which states that the letter was personally served on the "Executive Secretary to [the] Director" on September 6, 2022. *Id.* at p. 4.

In its Reply [29], MDMH asserts that even if Patterson's notice letter was timely, it is insufficient because it did not inform MDMH of the claims against it. Specifically, MDMH asserts that the purpose of the notice requirement is "to inform recipients of the claims against them so that prelitigation settlement or other corrective action may be taken," but "[Patterson's notice] only addresses potential claims against Region IV. She does not name one allegation against MDMH that would have given MDMH opportunity to respond." [29] at p. 2.

The MTCA provides that every notice of claim must be in writing and delivered in person or by registered or certified mail. MISS. CODE ANN. § 11-46-11(2)(b)(i)-(ii). Where the governmental entity to be sued is a state entity or political subdivision other than a county or municipality, "service of notice of claim shall be had only upon that entity's or political subdivision's chief executive officer." MISS. CODE ANN. § 11-46-11(2)(a)(ii).

Additionally, every notice "shall" contain the following:

> a short and plain statement of the facts upon which the claim is based, including the circumstances which brough about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought, and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

MISS. CODE ANN. § 11-46-11(2)(b)(iii).

For jurisdiction to attach, the Mississippi Supreme Court requires substantial compliance with the MTCA's notice requirements. *Lee v. Memorial Hosp. at Gulfport*, 999 So.2d 1263, 1266

7

(Miss. 2008) (citing *Reaves ex rel. Rouse v. Randall*, 729 So.2d 1237, 1240 (Miss. 1998)). The court has also explained that "[t]he purpose of the Act is to insure [sic] that governmental boards, commissioners, and agencies are informed of the claims against them. Such notice encourages entities to take corrective action as soon as possible when necessary; encourages pre-litigation settlement of claims; and encourages more responsibility by these agencies." *Id*. (quoting *Reaves*, 729 So.2d at 1240).

Here, Patterson's notice letter presents a unique set of facts. It appears that Patterson served the correct person at MDMH. It further appears that the letter provided the information required by statute. However, aside from the fact that the letter is addressed to MDMH, it contains no reference to MDMH or its potential liability. In fact, the first paragraph states that "[w]e intend to file a claim *against Region IV* unless our claims are resolved within (ninety) 90 days." [25], Ex. 1 at p. 1 (emphasis added).

The Court has not located a case that is squarely analogous to this one—where a plaintiff's notice appears, generally speaking, to be sufficient but does not specify what claims she intends to bring against the entity upon which it is served. However, the Mississippi Supreme Court has repeatedly emphasized that the MTCA's notice requirement "is intended to inform entities of claims against them so that they may investigate and make informed decisions[.]" *Burnett*, 313 So.3d at 478; *see also Lee*, 999 So. 2d at 1266. For example, in *Lee*, where the plaintiff's notice did not include her residence at the time of injury or at the time of the notice, the court nonetheless found that she substantially complied with the statutory notice requirements because she provided other identifying information. 999 So. 2d at 1267. In reaching this conclusion, the *Lee* court emphasized the government entity was able to "investigate and conduct a 'review of the matter' as evidenced by its letter of denial." 999 So. 2d at 1267.

Here, Patterson's Complaint [1] alleges that MDMH failed to supervise and train Region IV employees and that MDMH had policies in place that enabled Region IV employees to act with deliberate indifference. *See* [1] at p. 6. Patterson's notice did not inform MDMH of those claims, and it stated that Patterson intends to bring suit against Region IV—with no mention of MDMH. And while Patterson's Complaint [1] asserts that MDMH is vicariously liable for the acts of Region IV, the letter did not put MDMH on notice of that theory of liability either. Put simply, the Court cannot conclude that Patterson satisfied the MTCA's notice requirement where she failed to inform MDMH of any claim she intended to raise against it. Therefore, Patterson's claims against MDMH for failure to train and supervise, general negligence, conspiracy, and negligent infliction of emotional distress are hereby DISMISSED.

Although the Court finds that Patterson's failure to satisfy the MTCA's notice requirement mandates dismissal for lack of jurisdiction, because the issue with Patterson's notice appears to be a novel issue, out of an abundance of caution, the Court will briefly address the merits of Patterson's claims under the 12(b)(6) standard.[7]

"It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief." *Wheeler v. Williams*, 2018 WL 6204444, at *3 (N.D. Miss. Nov. 27, 2018) (citing *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976)). "When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint." *Id*. (citing *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216-17 (5th Cir. 2014) (per curiam)).

---

[7] Although MDMH requested dismissal under Rule 12(c), a Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *Hale v. Metrex Research Corporation*, 963 F.3d 424, 427 (5th Cir. 2020) (citing *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)).

A legally sufficient complaint need not contain detailed factual allegations, but it must set forth more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id*. at 570, 127 S. Ct. 1955. "If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed." *Wheeler*, 2018 WL 6204444 at *3 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

MDMH argues that all of Patterson's claims should be dismissed because the Complaint [1] lumps all defendants together and fails to identify individualized acts of MDMH. It is true that the "Facts and Causes of Action" section of the Complaint [1] alleges no acts attributable to MDMH. *See* [1] at p. 3-4. Under that section, the only reference to MDMH is the allegation that Region IV terminated Patterson without a formal review before the Board of Directors of MDMH. [1] at p. 4. In the remainder of the Complaint [1], Patterson lists ten claims and recites the elements of each claim, using the collective term "Defendants" in nearly every cause of action. For example, Patterson's claims for conspiracy and general negligence read as follows:

### Count 6
### Conspiracy

> 27. Plaintiff expressly incorporates herein any and all preceding paragraphs herein by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 10. [sic] All of the Defendants had an improper object to be accomplished, had an agreement on the course of action to accomplish the improper object to be accomplished, . . . performed one or more overt acts to accomplish the object thereby causing damages to the Plaintiff, Ida Patricia Patterson. These unlawful acts included the wrongful termination of Plaintiff.
>
> . . .

**<u>Count 9</u>**
**<u>General Negligence</u>**

> 30. . . . Defendants owed a duty to properly supervise and train their Region IV Executive Director and Clinical Director, and to take steps to prevent events such as occurred in this case, the wrongful termination of Plaintiff. Defendants owed a duty to the Plaintiff, in this case, but totally breached the standard of ordinary care required of them to supervise their subordinates. As a result of these breaches, the Plaintiff suffered damages from the negligence of all Defendants jointly and severally.

[1] at p. 7, 9.

Patterson's claims for negligence, negligent infliction of emotional distress, failure to supervise and train, and conspiracy each contain this formulaic recitation of elements unsupported by factual allegations. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955 (a legally sufficient complaint must contain more than a formulaic recitation of the elements of a cause of action). Each count of the Complaint [1], like a quintessential shotgun complaint, incorporates by reference every allegation of the preceding paragraphs, without tying specific facts to specific causes of action. *See Griffin v. HSBC Mortg. Services, Inc.*, 2015 WL 4041657, at *5 (N.D. Miss. July 1, 2015) (quintessential shotgun pleadings, subject to dismissal under Rule 12(b)(6), "contain several counts, each one incorporating by reference the allegations of its predecessors" and "fail to distinguish between the actions of named defendants"); *Michael v. Boutwell*, 2015 WL 728516, at *6 (N.D. Miss. Feb. 19, 2015) (directing plaintiffs to amend shotgun complaint where it failed to link factual allegations to each cause of action); *Sudduth v. Lowndes Cnty, Miss.*, 2019 WL 982861, at *5 (N.D. Miss. Feb. 28, 2019) (same). This lack of factual support is fatal to her claims, which require sufficient factual allegations to raise her right to relief above a speculative level. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. And crucially, even if the Court were to sift through the alleged

11

facts in an attempt to find support for each cause of action, it would fail because Patterson has not alleged actions attributable to MDMH.

At best, Patterson's chief complaint about MDMH—that it failed to train Region IV employees—is a legal conclusion couched as a factual allegation, and the Court need not accept such conclusory allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (conclusory allegations lacking factual support are not entitled to a presumption of truth); *see also Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

What's more, as to Patterson's negligence and negligent infliction of emotional distress claims, MDMH argues that, even if it was Patterson's employer, these claims would be barred by the exclusivity provision of the Mississippi Workers' Compensation Act ("MWCA"). The Court agrees.[8] Even if Patterson's Complaint [1] alleged facts in support of these claims, the Mississippi Supreme Court has repeatedly held that negligence and negligent infliction of emotional distress claims brought by employees against employers are barred by the MWCA. *See Spiers v. Oak Grove Credit, LLC*, 328 So.3d 645, 653 (Miss. 2021) (in wrongful termination suit where employee also brought claims against employer for negligence and negligent infliction of emotional distress, court found the claims barred by the MWCA).

Additionally, to the extent Patterson brings her failure to train and supervise claim under state law and alleges that MDMH negligently failed to train Region IV employees, this would also be a negligence claim against an (alleged) employer. Therefore, the claim would also be barred by

---

[8] The Court notes that Patterson's Complaint [1] does not explicitly allege that MDMH was her employer. Patterson alleges that Region IV was an "agency" under MDMH and that MDMH is vicariously liable for the acts of its "employees, agents and public officers." [1] at p. 7, 10. However, Patterson never states that MDMH was her employer. To the extent the Complaint [1] brings negligence-based claims against MDMH as an alleged employer, they are barred by the MWCA.

the MWCA. *See id.* (dismissing negligent supervision claim against employer as barred by the MWCA).

Because Patterson's Complaint [1] does not contain sufficient factual allegations to raise her right to relief above a speculative level, and because her negligence-based claims would nonetheless be barred by the MWCA, the Court finds that Patterson has failed to state claims for negligence, negligent infliction of emotional distress, failure to train and supervise, and conspiracy.

This leaves the Court to assess Patterson's two remaining claims—intentional infliction of emotional distress and state constitutional violations—and her assertion that MDMH is vicariously liable for the acts of Region IV.

As to Patterson's claim for intentional infliction of emotional distress, MDMH argues that Patterson's conclusory allegations do not support the claim, which requires proof of extreme and outrageous conduct.

As to Patterson's allegation that her state constitutional rights were violated, MDMH argues that this claim should be dismissed because Patterson was not owed due process in the context of her at-will employment and because Patterson's reference to "cruel and unusual punishment" applies to criminal activity.

And finally, as to Patterson's assertion that MDMH is vicariously liable for the acts of Region IV, MDMH argues no agency relationship exists between the two entities.

Patterson's Response [25] does not address MDMH's arguments on these points. The Court is cognizant that some of MDMH's arguments may be successful grounds for dismissal, but the Court need not reach the merits of those arguments because Patterson has failed to address them. This Court has time and again held that a plaintiff's "failure to respond amounts to an abandonment

13

of the claims." *Johnson v. Univ. of Miss.*, 2022 WL 164545, at *5 (N.D. Miss. Jan. 18, 2022) (citing *City of Canton v. Nissan N. Am., Inc.*, 870 F. Supp. 2d 430, 437 (S.D. Miss. 2012)); *see also Scott v. Spencer Gifts, LLC*, 2015 WL 4205242, at *1 (N.D. Miss. July 10, 2015) ("In their response, Plaintiffs have made no argument and offered no proof in support of their claims of intentional infliction of emotional distress and failure to train or supervise, and thus the Court finds these theories to be abandoned."). Accordingly, the Court finds that Patterson has abandoned those claims. Patterson's claims for intentional infliction of emotional distress and violations of her state constitutional rights, as well as her theory of vicarious liability, are DISMISSED.

*Conclusion*

For the reasons set forth above, MDMH's Motions [20], [22] are GRANTED. Patterson's Title VII, ADEA, intentional infliction of emotional distress, and state constitutional claims against MDMH are dismissed *with prejudice*. Her negligence, negligent infliction of emotional distress, failure to train and supervise, and conspiracy claims are dismissed *without prejudice*.[9] The Clerk of Court is directed to terminate the Mississippi Department of Mental Health as a defendant in this case.

SO ORDERED, this the 28th day of June, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[9] Patterson conceded to the dismissal of her Title VII and ADEA claims and abandoned her intentional infliction of emotional distress and state constitutional claims. As such, those claims are dismissed *with prejudice*. *See Coleman v. City of Hattiesburg*, 2018 WL 542975, at *2 (S.D. Miss. Jan. 24, 2018) (dismissing withdrawn and abandoned claims *with prejudice*). On the other hand, Patterson's remaining claims subject to the MTCA are dismissed under Rule 12(b)(1) due to lack of jurisdiction. A dismissal under Rule 12(b)(1) is not a dismissal on the merits and is therefore a dismissal *without prejudice*. *See Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol North America, Inc.*, 544 F. App'x 455, 456 (5th Cir. 2013) (per curiam).